Filed 7/21/14  P. v. Dobshinsky CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALLEN M. DOBSHINSKY,<br><br>        Defendant and Appellant. | A140127, A141617<br><br>(Sonoma County<br>Super. Ct. Nos. PRL200277,<br> PRL200450) |

Allen M. Dobshinsky (appellant) appeals from two final judgments entered following contested parole revocation hearings.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*Case No. A140127*

On August 27, 2013, the California Department of Corrections and Rehabilitation (CDC) filed a petition for revocation of appellant's parole in Sonoma County Superior Court.  The petition alleged that appellant had absconded parole supervision from July to August of 2013.

John Thompson testified at the revocation hearing that he had been employed by the CDC as a parole agent for approximately five years.  Beginning in January 2013,

1

appellant was among the parolees Thompson was supervising, and on July 18, 2013, they met in the Santa Rosa parole office for an interview, as required by the conditions of appellant's parole. Appellant advised Thompson that he was going to be homeless, and Thompson instructed appellant to report to him in person at the Santa Rosa office every Thursday morning between 8:00 a.m. and 12:00 p.m. beginning July 24, 2013, so that they could maintain contact, which was also a condition of appellant's parole. Appellant was also required to obey the orders of his supervising parole agent. If Thompson was not present at the office, appellant was supposed to signin on the sign-in log in the parole office lobby.

On July 20, 2013, Thompson happened to see appellant sitting on a sidewalk. Appellant said he was still homeless, and Thompson reminded him of the meeting on July 24. Thompson was in his office from 8:00 a.m. until 12:00 p.m. on July 24, but appellant did not report on that date. Thompson subsequently checked the sign-in logs for July 23, 24 and 25, 2013, but appellant had not signed in on any of those dates. In an effort to find appellant, Thompson met with appellant's uncle on July 29. On August 13 and 14, 2013, he checked the areas in town that appellant was known to frequent. Thompson was unable to find appellant. From July 20 to August 16, 2013, Thompson's only contact with appellant was the one on July 20.

Appellant testified that he did not believe the weekly visits were mandatory, and thought he only had to report every month to do a chemical test. He did not recall having a conversation with Thompson on July 18, 2013 about having to come in to the parole office beginning July 24.

Appellant further testified that he went to the parole office and signed the sign-in log during the week of July 24, or the week after. He advised the officer of the day that he was there to see Thompson, as he had previously done when reporting. After going outside to smoke a cigarette, appellant returned to the office, but left because it was very crowded. Appellant had anticipated going in to the parole office around August 18, before his 30 days were up, to share the good news that he had several jobs and was signing up for junior college classes. Appellant believed he would be in compliance by

2

seeing his parole agent within 30 days. Appellant was homeless in July and August and therefore had problems keeping track of dates and times.

Thompson obtained a warrant for appellant's arrest on or about August 15, 2013, and Santa Rosa police arrested him the following day.

The trial court found appellant in violation of parole, but took the matter under submission to consider whether he had absconded, as alleged in the petition for revocation. On September 30, 2013, the trial court acknowledged that appellant had not absconded parole under California Code of Regulations section 2731, but found that the petition for revocation had provided appellant with sufficient notice of another allegation that appellant had not been in contact with his parole officer, in violation of a condition of his parole. The court found appellant in violation of his parole, ordered parole supervision reinstated, and sentenced him to serve 175 days in county jail, with credit for time served of 92 days. Appellant filed a timely notice of appeal.[1]

### Case No. A141617

On February 3, 2014, CDC filed an amended petition for revocation of appellant's parole in Sonoma County Superior Court. The amended petition alleged that appellant had failed to follow directives of his parole officer and absconded parole in December 2013.

Tom Porter testified at the revocation hearing that he had been a parole agent for the State of California since 2005. In September and October of 2013, Porter was supervising appellant, who was on parole at that time. At a December 13, 2013 meeting with appellant at the Santa Rosa parole office, Porter instructed appellant to report to him at the parole office, and to attend Sonoma County Planning Access Care Treatment

---

[1]After appellant filed his appeal, the Sonoma County Clerk filed a declaration stating the appeal had been processed in error because the underlying case against appellant had been filed as a misdemeanor rather than a felony. We dismissed the initial appeal on January 3, 2014, and directed that the appeal proceed before the trial court's appellate division. On April 22, 2014, the appellate division issued an order on appeal vacating the hearing date after determining that appellant was on *felony* parole in the underlying case and jurisdiction over the appeal therefore lied with this court. On May 1, 2014, we filed an order vacating our January 3, 2014 order, and reinstated the appeal.

3

(PACT) meetings at 10:00 a.m. on December 16 and 17, 2013. Porter orally instructed appellant regarding the December 16 PACT meeting and gave him paperwork that included the date and time of the December 17 PACT meeting. Appellant took and passed a urine test. Appellant did not attend either PACT meeting, and did not report to Porter at the parole office.

Appellant had said he was homeless, so Porter attempted to locate him at the Redwood Gospel Mission Homeless Shelter and the Sam Jones Community Shelter on December 17, 2013, but was unable to do so. Porter also contacted appellant's uncle, but the uncle did not know where appellant was. Appellant was also not at the Mary Isaacs Center in Petaluma when Porter tried to contact him there the next day. On December 31, 2013, Porter contacted the county jail to see if appellant was there, but the jail had no record of him. Porter sought and obtained an arrest warrant for appellant on January 6, 2014, and appellant was arrested two days later.

The trial court found appellant in violation of his parole, ordered parole supervision reinstated, and sentenced him to serve 150 days in county jail, with credit for time served of 53 days. Appellant filed a timely notice of appeal.[2]

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review "the entire record to determine" if it contains "any issues which would, if resolved favorably to the appellant, result in reversal or modification."

A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*People v. Wende*, *supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.) There was substantial evidence to support the trial court's findings that appellant violated his parole.

---

[2]The appeal was processed for hearing as a misdemeanor in the trial court's appellate division. Thereafter, the Sonoma County Clerk filed a declaration stating that, while the notice of appeal had been timely filed, the appeal had been processed in error because it should have been processed as a felony rather than a misdemeanor. The appeal was thereafter processed as a felony appeal to this court.

Appellant was adequately represented by counsel at every stage of the proceedings. There was no sentencing error.  There are no issues that require further briefing.

**DISPOSITION**

The judgment is affirmed.

 

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Jenkins, J.

5